IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| ASSISTED LIVING CONCEPTS LLC D/B/A ENLIVANT AND NORTH BROOK PLACE | } } } } } | JURY TRIAL DEMANDED |
| Defendant. | } } } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Meeka Henderson, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Assisted Living Concepts, LLC d/b/a Enlivant and North Brook Place ("Defendant") discriminated against Meeka Henderson in violation of the ADA by failing or refusing to make a reasonable accommodation of her disability, resulting in her termination.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Dallas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Meeka Henderson filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On May 31, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful practices and provide appropriate relief. On September 9, 2019, the Commission issued a corrected Letter of Determination to show the year as 2019, which previously indicated 2018 as a result of clerical error.

9. On September 9, 2019, the Commission issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Meeka Henderson underwent a hysterectomy in April 2017. At all relevant times, Henderson has been a qualified individual with a disability and is covered by Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*.

12. Beginning in approximately September 2016, Henderson informed Defendant that her medical condition required that she have surgery, a hysterectomy. Beginning in September 2016, Henderson requested the accommodation of a medical leave of absence from work so that she could recover following the surgical procedure. She reiterated her request for an accommodation on multiple occasions from September 2016 through March 2017. Henderson's direct supervisor initially approved her request, and she began a medical leave of absence on March 29, 2017.

13. On approximately April 4, 2017, one day prior to her scheduled surgery, Henderson was contacted by Defendant's human resources department and told that if she did

not return to work by April 30, 2017, she would be terminated. Henderson was further told that she did not qualify for any federal or state protections and that for all medical leaves of absence, employees were required to provide a return to work release with no restrictions from their physician prior to the start of their first shift.

14. Henderson underwent a hysterectomy on April 5, 2017. On approximately April 21, 2017, Henderson furnished Defendant with a letter from her physician stating that Henderson would be able to return to work on May 20, 2017.

15. Defendant denied Henderson's requested accommodation of medical leave to recover following her surgery. Defendant instead terminated Henderson on April 30, 2017.

16. Since at least April 2017, Defendant has engaged in unlawful employment practices at its McKinney, Texas location in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12112(b)(5)(A). Specifically, Defendant discriminated against Meeka Henderson by failing or refusing to provide Henderson with the reasonable accommodation of a medical leave of absence for a reasonable period of time, and by requiring her to produce a full medical release with no restrictions as a condition of being allowed to return to work.

17. The unlawful employment practices complained of in paragraphs 11-16 above were intentional.

18. The unlawful employment practices complained of in paragraphs11-16 above were done with malice or with reckless indifference to the federally protected rights of Meeka Henderson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from discriminating against employees on the basis of disability by failing or refusing to grant reasonable accommodations pursuant to the ADA.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to permanently cease its use of no-restriction, 100% healed return-to-work policy and/or practice found to violate the ADA.

D. Order the Defendant to permanently cease its practice of failing or refusing to grant disabled employees a reasonable period of medical leave under the ADA.

E. Order the Defendant to make whole Meeka Henderson, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order the Defendant to make Meeka Henderson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including but not limited to job search expenses.

G. Order the Defendant to make Meeka Henderson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  H. Order the Defendant to pay Meeka Henderson punitive damages for its malicious and reckless conduct described in paragraphs 11-16 above, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

 The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    SHARON FAST GUSTAFSON
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    ROBERT A. CANINO
    Regional Attorney
    Oklahoma Bar No. 011782

    SUZANNE M. ANDERSON
    Supervisory Trial Attorney
    Texas Bar No. 14009470

    _____
    JOEL P. CLARK
    Trial Attorney
    Texas Bar No. 24050425

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Dallas District Office
    207 South Houston Street, 3rd Floor
    Dallas, Texas 75202

Tel No. (972) 918-3611
Fax No. (214) 253-2749